# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY
# CENTRAL DIVISION
# LEXINGTON

**CIVIL ACTION NO. 10-192-JBC**

**RON W. ASHFORD,**                                                      **PLAINTIFF,**

**V.**                 **MEMORANDUM OPINION AND ORDER**

**BOLLMAN HAT COMPANY,**                                 **DEFENDANT.**

\* \* \* \* \* \* \* \* \* \*

These matters are before the court upon the plaintiff's motion to remand and for attorney's fees and costs (R. 3) and the plaintiff's objections to the record and motions to require the defendant to correct the same (R. 4, 5). For the following reasons, the court will grant the motion to remand and deny as moot the remaining matters. The plaintiff has also moved for oral argument (R. 13), but because the court can decide the matter based on the record before it, oral argument on this issue is unnecessary.

## I. Background

On March 8, 2010, Ron Ashford initiated this action in Fayette Circuit Court, alleging that he was terminated from his position at Bollman Hat Company because of his age, in violation of Kentucky law. R. 1, Exh. A, at 5-9. Ashford also claimed that he suffered and continues to suffer damages as a result of Bollman's fraud, deceit, and misrepresentation; that Bollman's actions constitute an intentional and

1

malicious breach of his employment agreement; and that Bollman breached its implied covenant of good faith and fair dealing. *Id.* at 10-14.

Ashford provided two copies of the summons and complaint to the Fayette Circuit Clerk, who served them on the Kentucky Secretary of State, the statutory agent for service of process under Kentucky law. Ky. Rev. Stat. § 454.210(3)(a). The Secretary of State received the documents on March 17, 2010, and forwarded the summons and complaint by certified mail, return receipt requested, to Bollman on March 19, 2010. R. 1, Attach. 1, at 20-27. Specifically, it addressed the certified mail to Bollman's President, Donald I. Rongione, Bollman Hat Company, 110 East Main Street, Adamstown, PA 19501. *Id*. The postal service attempted to deliver the summons and complaint to Bollman, but returned the documents to the Secretary of State marked "unclaimed," and on April 12, 2010, the Secretary of State made its statutorily required return to Fayette Circuit Court, showing that the acts contemplated by the statute had been performed. R. 1, Attach. 1, at 20-26. Ky. Rev. Stat. § 454.210(3)(b).

On June 8, 2010, Bollman removed the action to this court pursuant to 28 U.S.C. § 1441 on the basis of diversity jurisdiction. R. 1. Two days later, Ashford filed a motion to remand this action to Fayette Circuit Court, alleging that Bollman's notice of removal was untimely. R. 3. Because the delayed notice to Bollman was caused by Rongione's admitted failure to retrieve the certified mail from the post office, Bollman is equitably estopped from contending that its removal was timely.

**II.	Analysis**

Under 28 U.S.C. § 1446(b), a "notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading . . . ."  The parties disagree about when the thirty-day removal period was triggered.  Ashford argues that it began when the Secretary of State made its statutorily required return to Fayette Circuit Court (R. 3), while Bollman argues that it began to run on May 19, 2010, when Ashford emailed a copy of the summons and complaint to its Kentucky counsel, Paul Hershberg (R. 10). For the reasons set forth below, Bollman's notice of removal was untimely, but the court will not award attorney's fees or costs to Ashford or grant Ashford's motion to require the defendant to correct the record.

> A.	The return by the Secretary of State on April 12, 2010, commenced the time clock for removal purposes.
>
>> i.	Service was properly effected on Bollman on April 12, 2010, pursuant to Kentucky's long-arm statute, Ky. Rev. Stat. § 454.210.

Kentucky law determines the validity of service in state court prior to the defendant's removal.  4A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1082 (3d ed. 2010) (citing cases from the Second, Fifth, Seventh, and Ninth Circuits).  *See also Bates v. Harp*, 573 F.2d 930, 932-33 (6th Cir. 1978) (applying state service-of-process rules in a removal analysis).  Because Ashford and the Secretary of State fully complied with Kentucky's long-arm statute, personal jurisdiction was properly exercised over Bollman on April 12, 2010, when

3

the Secretary of State made its return. Ky. Rev. Stat. § 454.210. Summons is deemed served upon that return even without a signed return receipt, "and the action shall proceed as provided in the Rules of Civil Procedure." Ky. Rev. Stat. § 454.210(3)(b). *Haven Point Enters., Inc. v. United Ky. Bank, Inc.*, 690 S.W.2d 393, 395 (Ky. 1985) (holding that a signed, returned receipt is not necessary from the addressee as part of the return by the Secretary of State). *See Davis v. Wilson*, 619 S.W.2d 709, 710-11 (Ky. Ct. App. 1980) (finding proper service pursuant to the long-arm statute even though the envelope containing the summons was returned to the Secretary of State marked "unclaimed") (citing *Cox v. Rueff Lighting Co.*, 589 S.W.3d 606, 607 (Ky. Ct. App. 1979)).

    ii.  Bollman's notice of removal was untimely.

The fact that Kentucky's service requirements were met is not dispositive as to the date the removal period began, though, because the thirty-day deadline in 28 U.S.C. § 1446(b) is a federal standard, governed by federal law. *Grubbs v. Gen. Elec. Credit Corp.*, 405 U.S. 699, 705 (1972). *See Green Seed Co., Inc. v. Harrison Tobacco Storage Warehouse,* Inc., 663 S.W.2d 755, 757 (6th Cir. 1984) ("Federal, not state, law governs all removal proceedings."); *Cotter v. Milly LLC*, No. 09 Civ. 04639(PGG), 2010 WL 286614, at *4 (S.D.N.Y. Jan. 22, 2010) ("What may be proper and complete 'service of process' under state law has no bearing on whether a defendant has received such notice that the 30-day clock set forth in 28 U.S.C. 1446(b) has been triggered."). While Kentucky law deems

4

constructive service complete and grants long-arm jurisdiction when the Secretary of State makes its required return to state court, the overwhelming majority of federal courts have determined that service on a statutory agent does not start the § 1446(b) removal period running. *White v. Lively*, 304 F. Supp. 2d 829, 831 (W.D. Va. 2004). Actual receipt of formal service by the defendant, or a privately appointed agent or employee authorized to accept service, triggers the removal period. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 356 (1999). *See also* 14C Charles Alan Wright et al., *Federal Practice and Procedure* § 3731 (4th ed. 2010) (noting that "it now appears to be settled law that the time for removal begins to run only when the defendant or someone who is the defendant's agent-in-fact receives notice via service, as prescribed in the Murphy Brothers case"); *Taphouse v. Home Ins. Co., Inc.*, 885 F. Supp. 158, 159-61 (E.D. Mich. 1995); *see also Benson v. Bradley*, 223 F. Supp. 669, 672 (D. Minn. 1963) (pointing out that the federal removal statute requires receipt by "the defendant" and that the defendant's statutory agent is not the defendant).

Although there is no decision by the Supreme Court or the Sixth Circuit on point, and application of the general principle is more complicated here because of Rongione's inaction, the logic behind the requirement that defendants have actual notice is helpful in the resolution of this matter. *See also Lilly v. CSX Trasport., Inc.*, 186 F. Supp. 2d 672, 673-34 (S.D. W. Va. 2002) (noting that no United States Circuit Court of Appeals has addressed the question and reviewing cases

5

from other jurisdictions that so hold). One who becomes an agent by operation of law, like the Kentucky Secretary of State, might not have the same accountability for prompt notification and forwarding of service as an agent designated by a defendant. *Hardy v. Square D. Co.*, 199 F. Supp 2d 676, 683-84 (N.D. Ohio 2002). The rule addresses equitable concerns that a defendant's removal right should not depend upon the "rapidity and accuracy" with which a statutory agent informs a defendant of litigation against them. *Cygielman v. Cunard Line Ltd.*, 890 F. Supp. 305, 307 (S.D.N.Y. 1995). *See also Taphouse v. Home Ins. Co., Inc.*, 885 F. Supp. 158, 161 (E.D. Mich 1995) (noting that there is no indication that Congress intended the time limit for removal to include the time taken by a state agency or official to process service of the complaint and re-serve it on the actual defendant). Nevertheless, it is not intended to "insulate defendants from the consequences of their own negligence." *Cotter*, 2010 WL 286614, at *5 (holding that a defendant was equitably estopped from contending that its removal was timely where its own negligence – failure to maintain an accurate address at the Secretary of State's office – caused a delay in notice).

Bollman is equitably estopped from arguing that the removal period was not triggered until May 19, when its Kentucky counsel, Paul Hershberg, received an emailed copy of the summons and complaint. *Id.* The Kentucky Secretary of State did not cause delay here, and there is no suggestion that the post office erred in notifying Bollman of the certified mail, so the rationale behind the actual notice

6

requirement is inapposite. Rongione failed to receive notice of the complaint because of his own inaction, not through any fault of the Secretary of State. In his affidavit, Rongione admitted that he received a postcard from the Adamstown, Pennsylvania, Post Office during "the last week of March, 2010" indicating that he had been sent a certified mail package. R. 1, Exh. 4, at ¶ 2. After his assistant was prohibited from picking up the restricted-delivery item on his behalf, he never bothered to retrieve the letter, despite two additional notices from the postal service. R. 3, Exh. 2, at 2 (showing certified mail envelope with a notation of three dates: 3/23, 3/28, 4/5). Rongione justified the failure because "forgot" and "was not able to get to the post office." *Id*. at ¶ 6, 7.

But for Rongione's forgetfulness and indifference, Bollman would have received formal notice of Ashford's suit on April 5 at the latest. The defendant cannot hide behind Rongione's failure to obtain a longer period for removal. This is especially true because, at the time the Secretary of State was attempting to deliver the documents to Rongione, Bollman's counsel was aware of the pendency of the litigation, had a copy of the complaint, and had been advised that the complaint was being served upon the company in accordance with Kentucky's long-arm statute. Even if this court gives the defendant the benefit of the doubt of an additional week from the date of the last notice to Rongione, and calculates removal from April 12, when the Secretary of State made its required return to Fayette Circuit Court, Bollman should have removed by May 12, so its June 8

7

removal petition was untimely.

      B.      Ashford is not entitled to "just costs" under 28 U.S.C. § 1447(c).

Ashford's request for costs and attorney's fees incurred in having to seek remand pursuant to 28 U.S.C. § 1447(c) will be denied. That provision reads, "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). Although removal was ultimately improper, the law on the issue is unclear in this circuit, so it cannot be said that Bollman lacked an objectively reasonable basis for seeking removal. *See Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005). *See also Wooten v. Greenview Hosp., Inc.*, No. 1:10-CV-00034-TBR, 2010 WL 1742539, at *4 (W.D. Ky. Apr. 28, 2010). Therefore, this court will not award attorney's fees or costs to Ashford.

      C.      Ashford's objections to the record and motions to require Bollman to correct it will be denied as moot.

In Ashford's objection to the record and motion to require Bollman to correct, filed twice in the record (R. 4, 5), he complains that Bollman omitted three documents it should have filed with its notice of removal and improperly included the defendant's "answer" (R. 4, at 1-2). Because the case will be remanded, Ashford's claim that the removal petition was deficient will be denied as moot.

### III. Conclusion

Accordingly, **IT IS ORDERED** that the plaintiff's motions (R. 3, 13) are **GRANTED** as to the remand, but otherwise **DENIED**, and that the plaintiff's

objections to the record and motions to require the defendant to correct the same (R. 4, 5) are **DENIED** as moot.

Signed on  January 14, 2011

JENNIFER B. COFFMAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY